UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| PAUL HACKER | } | Case No. 9:19-cv-80688 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| TRANSWORLD SYSTEMS, INC., and | } | |
| SAGE DENTAL MANAGEMENT, LLC, | } | |
| DEFENDANTS | } | **JURY TRIAL REQUESTED** |
| _____/ | | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff PAUL HACKER, through his attorney, bring this action to challenge the actions of Defendants TRANSWORLD SYSTEMS, INC ("TRANS") and SAGE DENTAL MANAGEMENT, LLC ("SAGE") for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§

559.55-559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."  *Id.* at § 559.552.

4.  Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5.  This action partially arises out of Defendant TRANS' violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and Defendant TRANS' and Defendant SAGE's violations of the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendants conduct business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

7.  Because all tortious conduct occurred while Plaintiff resided in the City of Boca Raton, County of Palm Beach, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8.  Plaintiff is a natural person.

9.  Defendant TRANS is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) because Defendant used instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts.  Additionally or alternatively, Defendant regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10.  Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Fla. Stat. § 559.55(6), because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.  Specifically, Plaintiff was allegedly obligated to pay money allegedly owed for personal dental work.

11.  Plaintiff is a "debtor" and "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) because he was allegedly obligated to pay a debt.

## FACTUAL ALLEGATIONS

12. In late 2015 and early 2016, Plaintiff received dental work from Defendant SAGE.  Plaintiff had dental insurance with Humana and had paid his co-pay for this dental work.  According to Humana, Plaintiff does not owe anyone any more money for the dental work he received.

13. In May 2016, Defendant SAGE mailed Plaintiff a bill for $3,319 for dental work that Plaintiff did not and does not actually owe.

14. On April 25, 2018, Defendant SAGE mailed Plaintiff a dunning letter with a demand for payment on an amount allegedly owed of $493 (far less than $3,319).  Plaintiff did not and does not actually owe this.

15. On June 6, 2018, Defendant SAGE e-mailed Plaintiff with a demand for payment on an "adjusted" amount allegedly owed of $493 and threatened collection action if payment was not made.  Of course, there was no "adjustment" from this amount and the amount sought by Defendant SAGE in their written dunning letter mailed to Plaintiff on April 25, 2018.

16. At some point prior to July 25, 2018, Defendant SAGE contracted with Defendant TRANS to collect this allegedly owed debt from Plaintiff.

17. On July 25, 2018, Defendant TRANS mailed Plaintiff a dunning letter in an attempt to collect on this alleged owed debt. This time, though, the amount allegedly owed was listed as $1,422 (far more than $493). Plaintiff, again, did not and does not actually owe this.

18. Plaintiff has never owed Defendant SAGE any debt of $3,319; nor any debt of $493; nor any debt of $1,422.

## FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq., as it relates to Defendant TRANS**

19. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-18, as if fully set forth herein.

20. By communicating with Plaintiff for debt collection purposes and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff that Plaintiff does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(2)(A).

21. By communicating with Plaintiff for debt collection purposes and using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(10).

22. By communicating with Plaintiff for debt collection purposes and attempting to collect an amount not authorized by an agreement creating the debt or permitted by law, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692f(1).

23. The FDCPA provides for actual damages and for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(1-2).

24. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

25. 15 U.S.C. § 1692k(a)(1-2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

26. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Violations of the FCCPA, Fla. Stat. § 559.55, et seq., as it relates to Defendant SAGE**

27. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-18, as if fully set forth herein.

28. By communicating with Plaintiff for debt collection purposes, and/or by transmitting Plaintiff's alleged debt account to a third party debt collector for collection, and claiming, attempting, or threatening to enforce a debt when Defendant knows that the debt is not legitimate, Defendant has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(9).

29. The FCCPA provides for actual damages and statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

30. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

31. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

32. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

33. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) Punitive damages in the maximum amount the court deems proper and may provide;

(e) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 28th day of May, 2019,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com